UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN RIVERS LACROIX, CDCR #BU-7713, | Case No.:  3:22-cv-1956-WQH-BLM |
| Plaintiff, | **ORDER** |
| v. | |
| TRAVIS HOWARD, Detective; MR. MCCARTHY, Police Officer; DOES 1-X, | |
| Defendants. | |

HAYES, Judge:

## I.   PROCEDURAL BACKGROUND

On December 8, 2022, Plaintiff Dylan Rivers Lacroix, a state inmate currently incarcerated at High Desert State Prison ("HDSP") located in Susanville, California, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff sought $10 million in general and punitive damages based on claims that he was unlawfully searched at the El Cajon Police Department Station on December 2, 2020. On the same day, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2.)

1

On February 24, 2023, the Court issued an Order granting Plaintiff's Motion to Proceed IFP and dismissing the Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). (ECF No. 5.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order.

On May 30, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 9.)

## II. SUA SPONTE SCREENING

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

2

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B. Allegations in the FAC**

On December 20, 2020, Plaintiff was placed under arrest by Defendant McCarthy, an El Cajon police officer. Plaintiff was taken to the El Cajon Police Station and escorted by McCarthy and Defendant Howard, another El Cajon police officer, "into a temporary holding cell" for a "full body cavity search." (ECF No. 9 at 3.) Howard, knowing that Plaintiff is a transgender individual,[1] "forced [Plaintiff] to get down on the floor completely naked on all fours" and "demanded" that Plaintiff "dig in deep!" *Id.* Plaintiff complied with Howard's commands to "stick [Plaintiff's] fingers into [Plaintiff's] anal cavity 'over and over,' 'deeper and deeper.'" *Id.* McCarthy "[f]acilitated" the "sexual[] assault[]." *Id.* Plaintiff "was finally allowed to get up when [] Howard said 'okay we are done.'" *Id.*

During the cavity search, Plaintiff "cut [himself] with [his] fingernails inside [his] anus." *Id.* at 5. For eight days following the search, Plaintiff had "blood in [his] sto[ol] and anal leakage." *Id.* Plaintiff also had mental and emotional suffering.

Following the cavity search, Plaintiff told Howard he intended to file a report under the Prison Rape Elimination Act (PREA) against Howard for sexual assault. Howard responded: "good luck with that." *Id.* at 7. After arriving at "central jail," Plaintiff attempted to seek medical help and file various requests, grievances, claims, and reports relating to the incident with jail officials "to no avail." *Id.* When Plaintiff was "finally"

---

[1] Plaintiff does not identify his preferred pronoun.

1  able to file a PREA report on December 25, 2021, Plaintiff's complaint was "determined

2  to be unfounded," despite him not having been interviewed about the incident, in violation

3  of PREA. *Id.* at 9. Plaintiff brings § 1983 claims against Howard and McCarthy[2] for

4  violations of his Eighth and Fourteenth Amendment rights and seeks $10,000,000 in

5  compensatory damages, injunctive relief, and "anything the Court deems reasonable." *Id.*

6  at 12.

7  **C. Discussion**

8      Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and

9  statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d

10  1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege

11  two essential elements: (1) that a right secured by the Constitution or laws of the United

12  States was violated, and (2) that the alleged violation was committed by a person acting

13  under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d

14  1030, 1035–36 (9th Cir. 2015).

15      **1. Fourth Amendment**

16      While Plaintiff brings the claims related to the cavity search under the Eighth

17  Amendment, the Court finds that these claims arise under the Fourth Amendment because

18  Plaintiff was a pre-trial detainee at the time the actions described in the FAC occurred. *See*

19  *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (stating that the Eighth Amendment applies to

20  "those convicted of crimes"); *Bull v. City of San Francisco, et al.*, 595 F.3d 964, 974–75,

21  982 (9th Cir. 2010) (en banc) (applying the Fourth Amendment to a jail's policy of cavity

22  searches of detainees).

23      Determining if a search is reasonable under the Fourth Amendment requires that a

24  court conduct a case-by-case "balancing of the need for the particular search against the

25

26

———————————————

27  [2] While Plaintiff includes Doe Defendants in the caption of the FAC, he does not otherwise allege any

28  facts concerning such Defendants. To the extent that Plaintiff intends to bring his claims against unnamed Does, the FAC fails to state a claim to relief against such defendants. *See Iqbal*, 556 U.S. at 678.

invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "The required factors for courts to consider include: (1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the justification for initiating it, and (4) the place in which it is conducted." *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (en banc) (internal quotation marks omitted).

Based on the government's "strong interest in preventing contraband from entering its prisons and jails, . . . visual body cavity searches may be performed without a warrant during the jail intake process." *United States v. Fowlkes*, 804 F.3d 954, 961 (9th Cir. 2015). However, "searches that require intrusion into a person's body implicate greater constitutional concerns." *Id.* "Therefore, while visual cavity searches that do not require physical entry into a prisoner's body are generally permissible without a warrant during the jail intake process, physical cavity searches generally are not." *United States v. Fowlkes*, 804 F.3d 954, 961 (9th Cir. 2015).

In this case, Plaintiff alleges that Defendant Howard required Plaintiff to "get down on the floor" of a holding cell "completely naked on all fours" and to "stick [Plaintiff's] fingers into [Plaintiff's] anal cavity 'over and over,' 'deeper and deeper.'" (ECF No. 9 at 3.) Although Plaintiff does not allege that Howard physically touched him, the allegations that Howard compelled Plaintiff to physically intrude on his own body in the manner alleged are sufficient for Plaintiff's Fourth Amendment claim against Howard to survive the "low threshold" for screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Wilhelm*, 680 F.3d at 1123.

Defendant McCarthy's liability for the alleged Fourth Amendment violation under § 1983 must be predicated on his "integral participation" in the alleged violation. *Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir. 1996). This does not require that McCarthy's "actions themselves rise to the level of a constitutional violation," *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004), but he must have "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

1

2          McCarthy's alleged involvement in the cavity search was limited to escorting

3    Plaintiff to the temporary holding cell where the search was conducted, being present

4    during the course during the search while Howard ordered Plaintiff to repeatedly penetrate

5    himself, and "[f]acilitat[ing]" Howard's conduct. (ECF No. 9 at 3.) While "the integral

6    participant doctrine does not implicate government agents who are mere bystanders to an

7    unconstitutional search," *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1090 (9th Cir. 2011)

8    (internal quotations omitted), the allegations in the FAC are sufficient to support an

9    inference at this stage that McCarthy was an integral participant based on his alleged role

10   as Plaintiff's escort before and during the search and his failure to object to Powell's

11   allegedly repeated and ongoing unconstitutional conduct. *See Peck v. Montoya*, 51 F.4th

12   877, 889 (9th Cir. 2022) (holding that the integral participation requirement is satisfied

13   when "the defendant knows about and acquiesces in the constitutionally defective conduct

14   as part of a common plan with those whose conduct constitutes the violation"); *Boyd*, 374

15   F.3d at 780 (holding that officers who acted as backup during a search were integral

16   participants to another officer's use of excessive force during the search because they were

17   "aware of the decision to use [force], did not object to it, and participated in the search

18   operation knowing [force] was to be deployed"); *Cunningham v. Gates*, 229 F.3d 1271,

19   1289–90 (9th Cir. 2000) (holding that "officers can be held liable for failing to intercede

20   only if they had an opportunity to intercede"); *cf. Hopkins v. Bonvicino*, 573 F.3d 752, 770

21   (9th Cir. 2009) (holding that an officer who stood in the front yard of a house interviewing

22   a witness while other officers conducted an unlawful search of the house was not an integral

23   participant because he "participated in neither the planning nor the execution of the

24   unlawful search"). The Court concludes that the Fourth Amendment claim against

25

26

27

28

McCarthy survives the "low threshold" for screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[3] *Wilhelm*, 680 F.3d at 1123.

### 2. Fourteenth Amendment

Plaintiff claims his Fourteenth Amendment due process right was violated by Defendants' interference with his attempts to file a PREA report and other requests, grievances, and claims, and inadequate response to the PREA report he eventually filed. However, the FAC does not allege that McCarthy had any involvement in responding to Plaintiff's requests. Likewise, Howard's involvement was limited to telling Plaintiff "good luck with that," when told that Plaintiff intended to file a report. (ECF No. 9 at 7.) These allegations are not sufficient to support an inference that either Defendant interfered with Plaintiff's attempts to report the incident or otherwise violated Plaintiff's right to due process. Further, numerous district courts nationwide have determined that PREA does not create a private right of action or give rise to a due process claim. *See, e.g., Pressler v. Elko County Jail*, 2020 WL 12583408, at *3 (D. Nev. Apr. 22, 2020); *Hatcher v. Harrington*, 2015 WL 474313, at *5 (D. Haw. Feb. 5. 2015); *Chapman v. Willis,* 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013); *Pope v. Or. Dep't of Corr.,* 2012 WL 1866601, at *4 (D. Or. May 22, 2012); *Porter v. Jennings,* 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); *Bell v. Cnty. of L.A.,* 2008 WL 4375768, at *6 (C.D. Cal. Aug. 25, 2008). Plaintiff's Fourteenth Amendment claims are dismissed for failing to state a claim upon which relief may be granted.

## III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's claims against the Doe Defendants are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

---

[3] The Court's rulings do not preclude Defendants from challenging the sufficiency of the allegations under Federal Rule of Civil Procedure 12.

3:22-cv-1956-WQH-BLM

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendants Howard and McCarthy for violation of the Fourteenth Amendment are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

IT IS FURTHER ORDERED that the Clerk of the Court is directed to issue a summons as to Plaintiff's FAC (ECF No. 9) upon Defendants Howard and McCarthy and forward it to Plaintiff, along with a blank U.S. Marshal Form 285. In addition, the Clerk is instructed to provide Plaintiff with a copy of the February 24, 2023, Order granting IFP status, a certified copy of his FAC, and the summons, so that he may serve Defendants Howard and McCarthy. Upon receipt of this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285 as completely and accurately as possible, include an address where Defendants Howard and McCarthy may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

IT IS FURTHER ORDERED that the U.S. Marshal shall serve a copy of Plaintiff's FAC and summons upon Defendants Howard and McCarthy at the addresses provided by Plaintiff on the USM Form 285 provided, and to file executed waivers of personal service upon Defendants Howard and McCarthy with the Clerk of Court as soon as possible after their return. Should Defendants Howard or McCarthy fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, FAC and request for waiver was mailed to such Defendant, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if Defendant Howard or McCarthy are located within the United States, and fail without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon such Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

IT IS FURTHER ORDERED that Defendants Howard and McCarthy shall, once served, respond to the FAC, and any subsequent pleading Plaintiff may file in this matter

in which Howard or McCarthy is named as a Defendant, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

IT IS FURTHER ORDERED that Plaintiff shall, after service has been effected by the U.S. Marshal, serve upon Defendants Howard and McCarthy, or if appearance has been entered by counsel, upon Defendants' counsel(s), a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants' or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants Howard and McCarthy, may be disregarded.

Dated:  September 18, 2023

Hon. William Q. Hayes
United States District Court