# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN RIVERS LACROIX,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS HOWARD, Detective, El Cajon Police Department, MR. McCARTHY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:22-cv-01956-WQH-VET<br><br>**ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO PERMIT IN CUSTODY DEPOSITION OF PLAINTIFF**<br><br>[Doc. No. 34] |

Before the Court is Defendant's *Ex Parte* Application to Permit In Custody Deposition of Plaintiff ("Application"). Doc. No. 34. Therein, Defendants seek leave to depose Plaintiff Dylan Rivers Lacroix, an inmate in custody and currently housed at the California Medical Facility in Vacaville, CA. *Id.* at 1. In support of their request, Defendants state that Plaintiff's deposition is necessary to "evaluate his claims and prepare defendants' case for trial[.]" *Id.* at 2.

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), a party seeking to depose an incarcerated witness must obtain leave of court. Fed. R. Civ. P. 30(a)(2)(B). The Court must grant leave to the extent the request is consistent with Rule 26(b)(1), which defines the scope of discovery, and (b)(2), which allows a court to limit discovery in certain

circumstances. Fed. R. Civ. P. 30(a)(2); *see also* Fed. R. Civ. P. 26(b)(1)–(2). Pertinent here, Rule 26(b)(1) provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In turn, Rule 26(b)(2) provides that the Court must limit the frequency or extent of discovery if it determines that, "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Here, the Court finds that leave to depose Plaintiff is appropriate and consistent with Rule 26(b)(1) and (2). Plaintiff claims that Defendants conducted an unlawful strip and body cavity search upon his arrest, amounting to sexual assault and a violation of his constitutional rights. Doc. No. 9. at 3–4. Plaintiff further alleges that he was under threat of violence during the search, and following the search, he developed "night terrors, day terrors, emotional trauma, mental anguish, sleeplessness, paranoia, anxiety, depression, PTSD, etc." *Id*. at 5–6. Based thereon, Plaintiff alleges violation of his constitutional rights under the Fourth, Fifth, and Eighth Amendments.

As a witness to the events giving rise to his claims, Plaintiff has direct knowledge of relevant facts. Moreover, Plaintiff can speak to the nature of the emotional damages alleged. Further, it is not apparent that Plaintiff's deposition is duplicative of any other discovery obtained to date, nor is it unduly burdensome or less convenient than other forms of discovery. In short, Plaintiff's deposition is within the scope of permissible discovery so long as it is limited to matters relating to the claims and defenses raised in this case.

1    Finally, Defendants represent that Plaintiff received notice of the instant Application in advance of filing with the Court, as well as the notice of deposition, setting Plaintiff's deposition for October 30, 2024. Doc. No. 34 at 4. Plaintiff has not responded to the Application. *See* J. Torres Chambers Rules Section XI (requiring a response from an opposing party by 5 p.m. the next business day). However, given the nature of the relief sought and the advance notice provided by Defendants, the Court does not deem a response necessary to rule on the Application.

    Accordingly, the Court **GRANTS** the Application. Pursuant to Rule 30(a), the Court gives Defendants **LEAVE** to depose Plaintiff Dylan Rivers Lacroix on matters relating to the claims and defenses raised in this case. The deposition may be conducted by remote means pursuant to Federal Rule of Civil Procedure 30(b)(4).

**IT IS SO ORDERED.**

Dated: October 9, 2024

Honorable Valerie E. Torres
United States Magistrate Judge